IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :

DANIELLE WITHERSPOON          :      CIVIL ACTION NO. 15-5327
                                           :

         Plaintiff,           :
                                         :      JURY TRIAL DEMANDED

      v.                    :
                                         :

BROWN'S SUPER STORES, INC. d/b/a  :
SHOP RITE                           :
                                         :

         Defendant,         :
_____

## ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

       Defendant, Brown's Super Stores, Inc. d/b/a/ Shop Rite ("Defendant"), by and through its undersigned counsel, now files this Answer and these Affirmative Defenses to the First Amended Complaint filed by Plaintiff, Danielle Witherspoon ("Plaintiff") as follows:

       1.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

       2.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

       3.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

4.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

5.     There are no factual allegations made within this paragraph, Defendant incorporates the forgoing paragraphs here as if set forth in full.

6.     Defendant admits only that Plaintiff is an "adult", but lacks sufficient knowledge to either admit or deny her current address and leaves her to her proofs.

7.     Admitted.  By way of further response, Defendant owns and operates eleven Shop Rite stores in Pennsylvania and New Jersey.

8.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

9.     There are no factual allegations made within this paragraph, Defendant incorporates the forgoing paragraphs here as if set forth in full.

10.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

11.     Admitted.  By way of further response, on or about April 10, 2013, Defendant hired Plaintiff as a Front End Cashier for its Roxborough store.

12.     Admitted.  By way of further response, Defendant, by Plaintiff's request, transferred her from the Roxborough to the Bensalem location because of frequent absences

and disciplinary issues she had at the Roxborough store.  Plaintiff requested this transfer at a union meeting to grieve disciplined received at the Roxborough store.

13.    Admitted in part, denied in part.  Defendant admits that, on August 23, 2014, Plaintiff got into a dispute with a customer and Plaintiff used obscenities during this dispute. Defendant took verbal and written statements from Plaintiff, the customer and other witnesses to this dispute.  At no time during her employment did Plaintiff complain the customer used "racial slurs" or other race-based obscenities.  The customer denied using racial slurs and no witnesses advised Defendant they heard the customer making racial slurs, including the word "Nigger".  All remaining allegations made within this paragraph are denied, and strict proof thereof demanded at time of trial, if relevant.

14.    Admitted.

15.    Denied, and strict proof thereof demanded at time of trial, if relevant.  By way of further response, Carole Keim (Evening Front End Manager), removed Plaintiff from her self-scan register where the dispute occurred and took her to an office to understand what happened.  Plaintiff only complained that the customer was being "snooty".  Plaintiff did not complain that the customer called her a "Nigger" or otherwise used racially inflammatory language during their dispute.

16.    Denied, and strict proof thereof demanded at time of trial, if relevant.  By way of further response, on August 23, 2014, Plaintiff was allowed to return to work after meeting with Ms. Keim.  She completed her shift at a café' register at a different part of the store. Plaintiff was also allowed to work her full shift the next scheduled day, August 24, 2015.  When

she arrived for her shift on August 24, 2014, she again went over the incident with Nancy Tabita (Customer Service Manager).   During this conversation with Ms. Tabita, Plaintiff admitted to using profanity when arguing with the customer because she "wanted to use some kind of coupons and I wasn't sure how to do them . . .I just lost it and started cursing at the customer."  Plaintiff also admitted she was wrong in using bad language.  At no point during this conversation did Plaintiff specifically accuse the customer of using the word "Nigger". Again, following this conversation, Plaintiff was allowed to work her full shift on August 24, 2014.

17.     Denied, and strict proof thereof demanded at time of trial, if relevant.  By way of further response, Plaintiff was already scheduled to work on August 24, 2015, she was not called and told to come to work.

18.     Admitted.  By way of further response, Defendant incorporates and re-avers its response as stated in ¶ 16 as though set forth here.

19.     Denied as stated.  Defendant admits only that Plaintiff met with Ms. Tabita on August 24, 2014.  All other allegations are denied and strict proof thereof demanded, if relevant.  Defendant specifically denies Plaintiff complained that the customer used the word "Nigger" or any other racially charged language during their dispute.  Defendant further incorporates and re-avers its response as stated in ¶ 16 as though set forth here.

20.     Admitted.  By way of further response, and upon information and believe, Plaintiff was aware that the incident was still under investigation following their conversation.

21.     Denied as stated.  Defendant admits that Ms. Tabita called Plaintiff on August 26, 2014 to advise her that a decision had been made to suspend her **pending a union meeting.** During this phone conversation, Ms. Tabita specifically asked Plaintiff if she had the contact information for a union representative to request a union meeting.  Plaintiff responded that she had the union representative's contact information from her request for a union meeting to grieve discipline issued to her in late 2013/early 2014 when she worked at the Roxborough store.   All other allegations within this paragraph are denied, and strict proof thereof demanded at time of trial, if relevant.

22.     Denied as stated.   Defendant anticipated Plaintiff would request a union meeting per prior practice.  Defendant lacks sufficient knowledge as to why Plaintiff did not request a union meeting, especially as she was aware of the protocol in January, 2014. Defendant admits that, upon information and belief, Plaintiff filed for unemployment.

23.     Denied as stated.  Defendant lacks sufficient knowledge to either admit or deny what Plaintiff learned from her unemployment application.   Nevertheless, Defendant denies that Plaintiff was discharged for the customer interaction or argument.  Rather, Plaintiff was discharged for job abandonment as she never requested a union meeting following the suspension.

24.     Denied as stated.   Defendant admits that the customer identified in this paragraph is still employed as of the date of this Answer.  Once again, Defendant has received no information to corroborate Plaintiff's claims that this customer/employee used inappropriate language during the confrontation.  By way of further response, said co-worker

does not have a performance history suggesting she has had extreme arguments with employees or customers. Moreover, Defendant suspended a Caucasian employee for being disrespectful to a customer approximately one week before Plaintiff was suspended. That Caucasian employee, whose customer argument did not involve profanity, was suspended pending a union meeting like Plaintiff. Unlike Plaintiff, however, that Caucasian employee requested a union meeting and was reinstated following the suspension.

25. Denied, and strict proof thereof demanded at time of trial, if relevant.

26. There are no factual allegations made within this paragraph, Defendant incorporates the forgoing paragraphs here as if set forth in full.

27. The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

28. The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

29. There are no factual allegations made within this paragraph, Defendant incorporates the forgoing paragraphs here as if set forth in full.

30. The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

31.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

32.     There are no factual allegations made within this paragraph, Defendant incorporates the forgoing paragraphs here as if set forth in full.

33.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

34.     The allegations of this paragraph constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure, but are denied and strict proof thereof demanded at time of trial, if relevant.

<u>AFFIRMATIVE DEFENSES</u>

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to properly mitigate any damages that she may have sustained.

3.     Any causal link between Plaintiff's confrontation with customer and any subsequent complaint about racial discrimination and her termination is severed by intervening events, and specifically her failure to request a union meeting following suspension. See Outten v. Genesis Health Care, LLC, 2014 WL 3964919 at *12 (E.D. Pa. August 12, 2014) (citations omitted).

4.      Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to any allegations of harm arising more than 300 days before her knowledge of termination from employment.

5.      Plaintiff's claims are barred by her failure to exhaust her internal and administrative remedies by, among other things, failing to request a union meeting following her suspension as per prior past practice.

6.      Any monies and benefits received or earned by Plaintiff following her termination of employment with Defendant will reduce any recovery or will constitute a setoff against any recovery.

7.      Plaintiff's claims are barred to the extent that they violate and exceed the amounts recoverable, if any, under the provisions of Title VII of the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act.

8.      Defendant has a policy through which Plaintiff could have raised any problem or complaint about any alleged harassment, discrimination, or retaliation and her unreasonable failure to take advantage of such preventative or corrective opportunities available to her to complain or to avoid any harm she claims to have suffered bars her claims by way of waiver and estoppel.

9.      Defendant is not vicariously liable under principles of agency for any alleged acts of harassment, discrimination or retaliation in the above-captioned action.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands and other equitable remedies.

11.     Defendant has stated a legitimate, non-discriminatory reason for termination where Plaintiff unreasonably failed to request a union meeting following her suspension pending a union meeting.

12.     Defendant's motive for termination is not pretextual or in any way motivated by Plaintiff's race or any complaints or concerns made about racial discrimination during her employment.

13.     Plaintiff's claims are barred because Defendant exercised reasonable care to investigate, prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

14.     To the extent that any of the alleged wrongs were committed by others than the Defendant, any and all such claims are barred against Defendant in their entirety.

15.     Plaintiff's claims are barred to the extent they fall under the Pennsylvania Workers Compensation Act and related statutes.

16.     The absence of malice, reckless indifference, fraud or a similar mental state does not allow for a claim of punitive damages against Defendant.

17.     Plaintiff's claims for punitive damages are denied to the extent they exceed an applicable award of compensatory damages and/or act as an infringement of Defendant's due process interests.

WHEREFORE, Defendant, Brown's Super Stores, Inc. d/b/a/ Shop Rite demands judgment in its favor and against Plaintiff for all claims in the Complaint, and for any other relief this Honorable Court deems necessary.

MARGOLIS EDELSTEIN

December 28, 2015

/S/ Michael R. Miller, Esquire
MICHAEL R. MILLER, ESQUIRE (I.D. #306904)
mmiller@margolisedelstein.com
170 S. Independence Mall West, Suite 400E
Philadelphia, Pennsylvania 19106-3337
Tel:    215.931.5808
Fax:    215.922.1774
*Counsel for Defendant, Brown's Super Stores, Inc.*
*d/b/a/ Shop Rite*

CERTIFICATE OF SERVICE

I, Michael R. Miller, Esquire, do hereby affirm that, on this date, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to be served on the following counsel of record, via ECF Electronic Filing:

Adam C. Lease, Esq.
Ari Karpf, Esq.
KARPF, KARPF & CERUTTI, P.C.
3331 STREET ROAD
TWO GREENWOOD SQUARE, SUITE 128
BENSALEM, PA 19020

Date:   December 28, 2015                    /s/ Michael R. Miller, Esquire